■ In the Matter of the Claim of HARRY LOW, Respondent, against GREATER NEW YORK ASSOCIATION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant, employed as a cashier at a pari-mutuel race track, testified that in the course of his employment a work sheet blew from a table and "something blew in my eye" as he went "to stoop and pick it up". He had a long history of eye disease before this incident; but there is adequate medical opinion in the record that with claimant's physical background, a foreign substance blowing into the eye could contribute to the condition of corneal ulceration which helped cause the ultimate disability in the left eye found by the board. The main question on appeal is whether there is substantial evidence to support the finding of the board that there was an actual accident, i.e., that "a foreign body blew into his left eye". The substance or "body" was not at any time actually observed by a witness; and, of course, claimant himself did not see it. Claimant's wife looked in his eye the day of the incident and found nothing; a fellow employee looked at the eye immediately after the incident "and I could not see anything". The first examination by a physician was about three weeks after the incident. The physician did not then observe a foreign body. There is medical opinion in the record that a person suffering from claimant's pre-existing eye condition could have the subjective sensation of a foreign

substance entering the eye without actual entry of any such substance. The "accident" as described seems improbable to us; one member of the board panel did not believe it; but claimant's own version is not incredible as a matter of law, and whether the sensation of something blowing in the eye results from an actual substance or is subjective is a question which lies well within the range of fact-finding. A fellow employee stated that claimant told him immediately after the occurrence that something blew in his eye. The physicians called by claimant gave this incident as part of the history; and two of employer's reports to the board describe the "accident" as occurring when claimant "felt something in the left eye". Claimant testified he reported the incident the next day at the employer's first-aid station and "I told the nurse" that the eye "felt like it had something in it". The fellow employee said he accompanied the claimant to the first-aid station, but did not see what treatment was given. On this record we are unable to hold as a matter of law that there is no substantial evidence of foreign substance blowing in claimant's eye. Because of the report to the nurse to which claimant testified as having been made the day after the incident and which the nurse, when called as a witness, could not remember; and because no prejudice has been shown in the relatively short time after the 30-day period that a written claim was filed, a little over one month, the board was within its power in excusing the failure to give written notice of accident within 30 days under section 18 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.